IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GEORGE JAMES SULLIVAN,
Inmate #B01770,
    Plaintiff,

vs.                                            Case No. 5:14cv2/RS/EMT

CODY M. HOLLIS, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1). Plaintiff subsequently filed an amended complaint (doc. 5). Leave to proceed in forma pauperis has been granted (doc. 7).

       Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

       Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 5 at 3–4). In Question A of Section IV, which requests information regarding any previous cases Plaintiff might have filed in state court, that deal with the same or similar facts as those in the instant action, Plaintiff disclosed one case, Sullivan v. Lieschen, Case No. 0:02-cv-61777-DLG, which is actually a federal civil rights case under Section 1983 that was filed in the United States District Court for the Southern District of Florida (*see* doc. 5 at 3; *see also* doc. 1 at 2, identifying by description the same case).

Question C of Section IV asks, "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (<u>including habeas corpus petitions</u>) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (doc. 5 at 4) (underlined emphasis supplied; other emphases in original). Plaintiff answered "yes" to this question and identified one case, <u>Sullivan v. Hardy</u>, Case No. 0:03-cv-60221-DLG, which is actually a federal civil rights case under Section 1983 that was filed in the United States District Court for the Southern District of Florida (*id*.; *see also* doc. 1 at 2, identifying by description the same case).

Thus, Plaintiff in effect stated that, aside from the two cases he identified in Questions A and C (and identified by description in the original complaint), he has never initiated any actions in either state or federal court that related to the fact or manner of his incarceration or the conditions of his confinement, including habeas corpus petitions.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES ARE TRUE AND CORRECT" (doc. 5 at 10) (capitalization in original).

As routinely recognized by this court, the information from Section IV of the complaint form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

<u>Spires v. Taylor</u>, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent

verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.[1]

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, he had previously filed Sullivan v. Dept. of Corrections, State of Florida, Case No. 0:06-cv-61773-KAM in the Fort Lauderdale Division of the United States District Court for the Southern District of Florida. This case was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, that was filed on November 24, 2006, and dismissed on October 24, 2007.[2] In his answer to Question C of Section IV the complaint form, Plaintiff did not identify this case, despite the fact that habeas corpus actions are expressly identified as the type of federal action that was responsive to Question C and therefore should have been identified by Plaintiff.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[3] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word

---

[1] "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, mailciousness or failure to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C.A. § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

[2] In this previous case, the inmate number of the plaintiff is identified as #B01770, which Plaintiff identifies as his in the instant action.

[3] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 5 at 3) (emphasis and capitalization in original).

Case No: 5:14cv2/RS/EMT

spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[4]  *See*, *e.g.*, <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . .").  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 30th day of April 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4] Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to re-file if he so chooses.  *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No: 5:14cv2/RS/EMT

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**